James H. Rodio, Esq.
Christine Tramontano, Esq. (CT 0207)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007
Tel.:   (212) 513-3200
Fax:   (212) 385-9010

*Attorneys for Defendant Albert Chang, Jr.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 08-CR-00044 (DLC) |
|---|---|
| Plaintiff, | |
| - against - | **Defendant's Sentencing Memorandum** |
| ALBERT CHANG, JR., | |
| Defendant. | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Albert D. Chang, Jr., by and through counsel, respectfully submits this Sentencing Memorandum in aid of sentencing.

## I.  INTRODUCTION

In July 2004, Mr. Chang learned he was under investigation by the Internal Revenue Service for his role in preparing false federal income tax returns. Mr. Chang retained counsel who contacted the Internal Revenue Service Special Agent conducting the investigation. In December 2004, counsel for Mr. Chang met with an Assistant United States Attorney for the Southern District of New York in the White Plains office to discuss the case. Counsel stated that Mr. Chang would be willing to negotiate a plea agreement at that point however, the Assistant explained that the government's investigation had not been completed.

In September 2007, counsel for Mr. Chang received information that the Government was ready to proceed with the prosecution of Mr. Chang. Mr. Chang agreed to plead guilty to a

one count information charging a violation of 26 U.S.C. Section 7206(2) for aiding in the preparation of fraudulent U.S. income tax returns. Mr. Chang further agreed to a sentencing guideline range of 30 to 37 months and respectfully requests that he be sentenced to a sentence of 30 months and that he be allowed to self-report to the designated federal correctional institution.

## II.   STATEMENT OF FACTS

In the late 1990s and 2000, Mr. Chang learned how to prepare false income tax returns from an individual named Wayne Hunter when Mr. Hunter prepared false income tax returns for Mr. Chang. Mr. Hunter explained how to prepare the false returns to Mr. Chang. These methods included the preparation of false Schedule C (Profit or Loss from Business) forms that overstated expenses; the overstatement of unreimbursed business expenses; and the overstatement of miscellaneous expenses. The use of these methods resulted in tax losses to the Government.

Mr. Chang began preparing false income tax returns for the tax year 2001 in 2002 and continued for tax year 2002 in 2003 and tax year 2003 in 2004. A list of tax returns is identified in the Information. According to the Information, the last tax return was filed around March 15, 2005. Mr. Chang also agreed as part of the plea agreement, to preparing a number of false tax returns not listed in the Information as relevant conduct. Mr. Chang agreed to a total tax loss of $432,769.

## III.   SENTENCING GUIDELINE CALCULATION

In the plea agreement, the Government and Mr. Chang agreed to a tax loss of $432,769, which provides a base offense level of 20 pursuant to § 2T1.4(a)(1). There is a 2 level increase because Mr. Chang was in the business of preparing or assisting in the preparation of tax returns pursuant to § 2T1.4(b)(1)(B) for a total offense level of 22.

Mr. Chang notified the Government that he was willing to negotiate a plea agreement in December 2004. The Government was unwilling at that time because it had not completed its investigation. When the Government informed Mr. Chang that it was ready to proceed in September 2007, he negotiated a plea agreement, accepted the tax loss numbers on the amount of relevant conduct and saved the Government the expense of a trial. He accepted responsibility for his actions and the 3 level reduction pursuant to § 3E1.1(a) and (b) is warranted. Mr. Chang's applicable offense level is 19.

Mr. Chang has a Criminal History Category I. Mr. Chang was convicted of a one count misdemeanor charging reckless endangerment on May 14, 2004 when he was the manager of a club in New Rochelle in Westchester County, New York for allowing too many people to enter the club. He was fined $160 and sentenced to a one-year conditional discharge. Pursuant to §§ A1.2(e)(2) and 4A1.1(c), Mr. Chang is assessed one criminal history point.

The sentencing guideline range is 30 to 37 months for an offense level of 19 and a Criminal History Category of I. The maximum sentence the Court may impose under the charged offense is 36 months.

IV.   **DISCUSSION**

Pursuant to 18 U.S.C. § 3553, a sentencing court is required to consider, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentencing court must also consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Id. at (a)(2)(A).

Mr. Chang acknowledges he learned how to prepare tax returns that were false and used this knowledge to prepare a number of false returns in exchange for the fees he charged the

taxpayers. Said another way, he engaged in fraudulent conduct to benefit himself. He knew his actions were wrong and knows that he will face a long period of incarceration for his criminal activity. The period of incarceration to be imposed is long because he has never spent any time in jail before. The guideline calculation takes into consideration the seriousness of the offense. It is determined by the amount of the tax loss and is increased because Mr. Chang prepared income tax returns. Mr. Chang has agreed to the Government's tax loss figures, not only for the charged offense, but also for the relevant conduct. As a result of Mr. Chang's agreement, the Government has avoided the necessity and cost of a trial as well as a hearing about the relevant conduct.

Since learning about the investigation in 2004, Mr. Chang has had a long time to reflect on his conduct. He essentially has been standing still while he waited for the government to complete its investigation so he could enter his plea of guilty and begin serving his term of imprisonment. He did not attempt to begin a full time career because he thought that the investigation would be completed at any moment. The incarceration will be difficult because Mr. Chang will be away from his family. Mr. Chang resides with his mother, Pearlie Chang, with whom he has lived for almost all of his life. He is very close to his mother. Mr. Chang's father lives in Jamaica.

Mrs. Chang told Probation Officer Stephanie Dunne that she sometimes blames herself and "wonders where [she] went wrong." Mr. Chang disagrees with his mother's assessment and accepts responsibility for all of his actions that led to this conviction. Mr. Chang is concerned about his mother's health while he is incarcerated. Mrs. Chang recently suffered a "mini stroke." Mr. Chang is also concerned about his eleven year old daughter, Sonya Chang, and the effect his incarceration and absence from her life will have on her as well as himself. He sends $300 per

month for her support to Sonya's mother which he will not be able to send while in prison. The period of incarceration will impose a severe penalty on him due to the forced absence from his mother and his daughter. He is extremely sorry for the pain he has caused them.

V.  **CONCLUSION**

Mr. Chang knows that he should not have committed the crime for which he now stands convicted. Mr. Chang respectfully requests that the Court sentence him to a sentence of 30 months. A sentence of 30 months will satisfy the criteria established in 18 U.S.C. § 3553. Mr. Chang has limited financial assets and he respectfully requests that the Court waive the fine or fine him an amount less than the statutory amount and allow him to pay it in installments after he is released from incarceration. Finally, Mr. Chang respectfully requests that he be permitted to report to the designated federal correctional facility. The Government has informed counsel that it has no objection to allowing Mr. Chang to report the designated federal correctional facility.

Dated: April 4, 2008                                       Respectfully submitted,

                                                           HOLLAND & KNIGHT LLP

                                                           _____
                                                           James H. Rodio, Esq. (VSB 20139)
                                                           Christine Tramontano, Esq. (CT 0207)
                                                           195 Broadway
                                                           New York, New York  10007
                                                           Tel.:   (212) 513-3200
                                                           Fax:    (212) 385-9010

James H. Rodio, Esq.
Christine Tramontano, Esq. (CT 0207)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Tel.:  (212) 513-3200
Fax:  (212) 385-9010

*Attorneys for Defendant Albert Chang, Jr.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 08-CR-00044 (DLC) |
|---|---|
| Plaintiff, | |
| - against - | |
| ALBERT CHANG, JR., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Christine Tramontano, an attorney admitted to practice in the courts of the State of New York, affirm under penalty of perjury that on April 4, 2008, I caused a true and correct copy of Defendant's Sentencing Memorandum to have been served upon the following counsel via electronic mail and by depositing a copy of it in a sealed, postage paid envelope in an official depository of the U.S. Postal Service, to be delivered by First Class Mail to:

> Michael Ben'Ary, Esq.
> U.S. Department of Justice
> Tax Division
> Northern Criminal Enforcement Section
> P.O. Box 972, Ben Franklin Station
> Washington, DC 20044
> Michael.P.Ben'Ary@usdoj.gov

Dated: New York, New York
       April 4, 2008

_____
Christine Tramontano (CT 0207)

# 5236895_v1