James H. Rodio, Esq.
Christine Tramontano, Esq. (CT 0207)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York  10007
Tel.:   (212) 513-3200
Fax:   (212) 385-9010
*Attorneys for Defendant Albert Chang, Jr.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>           - against -<br><br>ALBERT CHANG, JR.,<br><br>                              Defendant. | 08-CR-00044 (DLC)<br><br>**Defendant's Request to Change<br>Designation** |

## DEFENDANT'S REQUEST TO CHANGE DESIGNATION

1.      At the Sentencing Hearing on April 18, 2008, the Court sentenced the Defendant, Albert Chang, Jr. to 30 months incarceration and graciously agreed to Mr. Chang's request to designate a facility as close as possible to his residence.  Mr. Chang is scheduled to voluntarily surrender to the Bureau of Prisons ("BOP") on May 30, 2008.

2.      It has come to our attention, regarding Mr. Chang's prison designation last week that Mr. Chang has been designated to serve his imprisonment as part of the "work cadre" at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.  Since we had never before had a client designated to the MDC (a pre-trial detention facility) to serve a sentence, we spent time researching the facility for a long-term period of incarceration and had a representative inquire of the BOP how this had happened.  We learned that the reason for this was an overly literal reading by the BOP of the Court's Judgment order.

3. Specifically, at the time of sentencing, we asked that the Court recommend to the BOP that Mr. Chang, who lives with his 66-year old mother (who recently suffered a stroke) and provided some child support for his 11-year old daughter, be designated to serve his time at the closest federal prison facility to his family who reside in the Bronx. The Court agreed to make this recommendation and asked the BOP to designate Mr. Change "to a facility as close as possible to the New York City area."

4. Accordingly, the BOP then engaged in an overly literal reading of the recommendation to be "as close . . . to New York City," and designated Mr. Chang to the "work cadre" at the MDC – a federal detention center in New York City. The work cadre is a group of sentenced, low-security inmates, who perform work functions at the MDC such as cleaning and cooking for the other higher security inmates. The MDC is not a minimum security facility, and the conditions of confinement are quite difficult. Inmates are not permitted outdoors; there is virtually no skills development programming or other self-help activity; and visitation is more restrictive.

5. We respectfully submit that this is a nightmare scenario for Mr. Chang, as it will result in him being locked in a high security detention center, with little opportunity for fresh air and exercise, and will require having his elderly mother and his school-age daughter visit him at an intimidating jail facility, a daunting prospect for Mr. Chang's family. Our representative who researched the designation has discovered that there are over 2,500 inmates at the MDC and 300 of those are work cadre inmates. Of those 300 sentenced inmates, only 30 are permitted outdoors to work; there are not enough jobs to accommodate all of the cadre inmates; the wait for an assignment is approximately six months; and, while waiting, cadre inmates sit idle and leave their tier only when they receive visits (every other Saturday and Sunday).

6.   For obvious reasons, we believe that this designation imposes a hardship on Mr. Chang that is beyond the norm for a white-collar defendant who compliantly pled guilty and has accepted his punishment without question.

7.   We were surprised by the designation of the MDC and did not anticipate that it was a possible location for Mr. Chang. Had we known at sentencing, we would have asked the Court to make the recommendation that we are making now.

8.   Counsel has been informed that the BOP will reconsider Mr. Chang's assignment, and will attempt to place him in a different facility, only if the Court makes a second, specific recommendation for a Federal Prison Camp facility. Accordingly, on behalf of Mr. Chang, we respectfully request that the court make a further recommendation to the Bureau of Prisons that Mr. Chang be reassigned to the Federal Prison Camp in the Northeast region as the BOP deems appropriate.

9.   We spoke to the Government attorney and he said he would leave this matter within the discretion of the Court and the BOP.

10.   We respectfully annex hereto a proposed order reflecting the issues set forth above. Given the urgency of the situation and the immediacy of Mr. Chang's surrender date (May 30, 2008), we respectfully ask the Court to consider this request at its earliest convenience. If the Court does sign the proposed Order, it will take several days, at a minimum, to achieve the change in the designation.

Dated: May 16, 2008                                Respectfully submitted,

                                                   HOLLAND & KNIGHT LLP

                                                   _____
                                                   James H. Rodio, Esq. (VSB 20139)
                                                   Christine Tramontano, Esq. (CT 0207)
                                                   195 Broadway
                                                   New York, New York  10007
                                                   Tel.:   (212) 513-3200
                                                   Fax:    (212) 385-9010

# 5345114_v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  - against -<br><br>ALBERT CHANG, JR.,<br><br>                      Defendant. | 08-CR-00044 (DLC) |

**ORDER ISSUING JUDICIAL RECOMMENDATION RE PRISON DESIGNATION**

Having reviewed Defendant's above-styled Motion, based upon this Court's Judgment Order filed April 21, 2008, and having considered the Bureau of Prisons' designation policies and discretion, and the Court being otherwise duly advised of this Motion's factual basis, namely, the Defendant was designated to the Metropolitan Detention Center, Brooklyn, a facility that may not fully provide skills development training for the defendant nor accommodate family visits that include an aged mother and young child, it is hereby:

**ORDERED** that the judicial recommendation for designation in this case be that the Bureau of Prisons reconsider the defendant's work cadre assignment and if otherwise appropriate, re-designate the Defendant; and

**RECOMMENDED** that the Federal Bureau of Prisons designate defendant to a Federal Prison Camp in the Northeast Region that offers skills development training and can accommodate or otherwise facilitate family visits; and it is further

**ORDERED** that this order be forwarded forthwith to the United States Marshals Office, Eastern District of New York, and in turn that the USMS deliver a true copy of this order to the federal Bureau of Prisons, Designation and Sentence Computation Center.

Dated: May __, 2008

_____
Honorable Denise L. Cote
Judge, United States District Court

# 5345159_v1